IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**JAYNE HOLWAY,**

    **Petitioner,**

v.                                  **CIVIL ACTION NO. 1:06-0765**

**DEBORAH HICKEY, WARDEN,**

    **Respondent.**

### MEMORANDUM OPINION

    On September 18, 2006, petitioner filed a petition under 28 U.S.C. § 2241 relating to the term of incarceration that was imposed upon her in August of 2004 in the United States District Court for the District of New Hampshire.[1]  (See Doc. No. 1.) Petitioner argues that respondent Deborah Hickey, warden of the Federal Prison Camp at Alderson, West Virginia, has violated her rights through Hickey's "policy of NOT implementing the Federal Court Order Return to B.O.P. policy PS 7310.04," relating to placement in community confinement centers.  (Id. at 5 (emphasis in original).)

    28 U.S.C. § 1915A(a) directs courts to review complaints filed by prisoners against the government "before docketing, if feasible or . . . as soon as practicable after docketing" to

---

[1] By Standing Order, this case was initially referred to a magistrate judge for preparation of proposed findings and recommendation as to disposition.  (Doc. No. 2.)  To expedite this case's disposition, the court hereby **VACATES** the Standing Order, only as applied to this case.

ascertain whether they contain valid claims. Section 1915A(b)(1) directs the court to dismiss any complaint, or portions of any complaint, which contain claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted." Id.

A search of the records of the Bureau of Prisons indicates that petitioner has been released as of the date of this opinion. Petitioner's case must fail because she has been released from prison. As such, the court finds that petitioner's claim relating to the Bureau of Prisons' policies for placement in community confinement centers is moot, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (holding that a "collateral consequence" of conviction must exist after a prisoner's release in order for her to continue to maintain a challenge to her confinement).

The Clerk is directed to send copies of this Memorandum Opinion to Magistrate Judge R. Clarke VanDervort, counsel of record, and the petitioner, pro se.

IT IS SO ORDERED this 22nd day of March, 2007.

ENTER:

David A. Faber
Chief Judge